**PARKDALE CARE CENTER, Plaintiff, Appellant, and Cross–Appellee,**

v.

**Cathy FRANDSEN, Carla Palacios, and Denise Bera, Board of Review of the Industrial Commission of Utah, Labor Division, Defendants, Appellees, and Cross–Appellants.**

**No. 910266–CA.**

Court of Appeals of Utah.

Aug. 20, 1992.

Gregory B. Wall (argued), Wall & Wall, Salt Lake City, for plaintiff, appellant, and cross-appellee.

Richard W. Perkins (argued), Perkins, Schwobe & McLachlan, Salt Lake City, for defendants, appellees, and cross-appellants, Frandsen, Palacios, and Bera.

Benjamin A. Sims, Thomas C. Sturdy, and Cynthia A. Anderson, Salt Lake City, for defendant, appellee, and cross-appellant Indus. Com'n.

Before GARFF, JACKSON and ORME, JJ.

## OPINION

GARFF, Judge:

Appellant Parkdale Care Center ("Parkdale") appeals the court's dismissal of its claim for failure to exhaust administrative remedies. Appellees Cathy Frandsen, Carla Palacios and Denise Bera (collectively, "claimants") cross appeal the dismissal of their counterclaim.

## FACTS

We emphasize the procedural history because the issue of subject matter jurisdiction turns on the nature of those procedures. We draw the facts from the hearing examiner's determination and from the court file.

On August 18, 1989, Frandsen telephoned the Labor Division of the Industrial Commission of Utah ("Commission") to complain that her employer, Parkdale, had withheld her paycheck. John Medina, Labor/Anti–Discrimination Division Director ("Division"), telephoned Frandsen's supervisor, Pat Richardson, directing her to release the paycheck. When Frandsen returned later that day to pick up her check, she found a warning notice attached to it. Frandsen claims that when she questioned Richardson about the notice, Richardson replied she was suspending her without pay because she had telephoned the Commission.

Bera and Palacios, two of Frandsen's coworkers, agreed to testify for Frandsen and to support her in her action. Bera and Palacios were terminated from their employment on August 25, 1989.

On September 14, 1989, claimants delivered a letter to Medina. The letter alleged that Parkdale terminated Frandsen in retaliation for having told Medina about Parkdale's withholding of her paycheck. The letter further alleged that Parkdale terminated Bera and Palacios for having expressed their opposition to Frandsen's termination. Claimants later set forth these claims in individual charge forms on September 28 and 29, 1989. They alleged their

dismissals violated Utah Code Ann. § 34–28–19(1) (Supp.1991), which prohibits an employer from discharging an employee in retaliation for filing complaints with the Commission. Parkdale again denied the allegations, claiming all three had quit voluntarily.

On January 18, 1990, claimants, their legal counsel, and representatives from Parkdale attended a resolutions conference [1] at the Labor Division before Hearing Examiner Colleen Strasburg.

The examiner issued her "Determination" on April 3, 1990 in favor of claimants. The document described the charge, the response, described the meeting and the participants, summarized the testimony, made findings and conclusions, and stated a final determination.

The examiner found Parkdale had unlawfully terminated claimants in violation of section 34–28–19. She ordered Parkdale to cease and desist any retaliatory action against claimants and to compensate them for back wages and benefits lost as a result of the retaliatory termination. She then ordered claimants to submit a list of lost wages and benefits.

The determination then stated: "This concludes the Division's informal investigatory adjudicative procedures." The document set forth Parkdale's option to either request reconsideration within twenty days pursuant to Utah Code Ann. § 63–46b–13 (1989), or to request a hearing. It further stated:

> Such request must state the reason or reasons why the reconsideration or hearing is considered necessary. ... If no request for reconsideration of this determination is received within 20 days from its date of mailing, this determination will be the final agency action in this matter. Judicial review of the final action is governed by Section 63–46b–15.

On April 19, 1990, claimants submitted their list of lost wages and benefits. On that same date, Parkdale filed with the Division a document entitled "Respondent's Request for Review and Supporting Memo-

randum." The document specified, "this request is not a request for a formal hearing, but merely a request for review and reconsideration of the Determination made by the Hearing Examiner." Later, on July 18, 1990, Parkdale submitted its "Response to Claimants' Claim and Itemization of Damages," in which it directly challenged the amounts claimed as well as the underlying allegations of culpability.

The Commission did not respond to claimants' itemization or to Parkdale's response.

On May 4, 1990, Medina sent a letter to Parkdale stating, "Since you have requested a review of the determination made by the Hearing Examiner Strasburg, this case is currently with the Industrial Commission for their review. Upon conclusion of their review, you will be notified of their decision."

On September 6, 1990, Medina wrote a letter to the parties informing them that the Division was upholding the examiner's decision and was denying the request for reconsideration. The letter noted "this is the final action this office will take in this matter. If the adverse[ly] affected party is so inclined it may seek judicial review per U.C.A. 63–46b–15."

On September 28, 1990, Parkdale sued appellees in district court seeking a de novo review of the informal proceeding pursuant to section 63–46b–15(1)(a).

On October 26, 1990, claimants filed an answer and counterclaim seeking various remedies including enforcement of the April 3, 1990 determination and damages for Parkdale's breach of implied contract and wrongful termination.

At the hearing, held January 14, 1991, the court dismissed Parkdale's complaint for failure to exhaust administrative remedies. The court also dismissed claimants' counterclaim without stating the underlying ground. The court's order, issued April 8, 1991, dismissed all the actions without prejudice. Parkdale appealed and claimants cross appealed.

---

1. Section 34–28–19(2) provides "the commission shall reach a resolution with the parties.... Failure to reach a resolution shall result in a full hearing before the Industrial Commission."

## FINAL AGENCY ACTION

Parkdale claims the court erroneously dismissed its complaint because the resolutions conference constituted an informal hearing, which, coupled with its request for reconsideration, resulted in a final agency action, whereupon, it was free to file in district court for a de novo hearing.

■ The issue of whether the agency had issued a final agency action pursuant to Utah Code Ann. § 34–28–19(2) (Supp. 1991) is one of law, which we review independently. *Silva v. Department of Employment Sec.*, 786 P.2d 246, 247 (Utah App.1990) (per curiam).

■ An agency order is not final so long as it reserves something for further decision by the agency. *Sloan v. Board of Review*, 781 P.2d 463, 464 (Utah App.1989) (per curiam). District courts have jurisdiction to review de novo all final agency actions resulting from informal adjudicative proceedings. Utah Code Ann. § 63–46b–15 (Supp.1991).

Claimants filed charges against Parkdale pursuant to section 34–28–19. Subsection 2 of this section provides:

> If a violation has been determined the commission shall require the employer to cease and desist any retaliatory action, and the commission shall reach a resolution with the parties which shall not exceed reimbursement for, and payment of, lost wages and benefits to the employee. Failure to reach a resolution shall result in a full hearing before the Industrial Commission.

This subsection contemplates that where the Commission has initially determined that the employer has violated the section, it must order reinstatement and restitution. Where the Commission has not resolved the issue of reimbursement, the section requires "a full hearing before the Industrial Commission."

■ Here, the parties complied with the first phase of this subsection when the hearing examiner issued the April 3, 1990 initial determination holding Parkdale had unlawfully terminated the three employees, and ordering reinstatement and restitution.

In response to the Commission's order, claimants submitted a list of their lost wages and benefits. Parkdale responded by submitting its "Response to Claimants' Claim and Itemization of Damages," directly challenging the amounts claimed as well as the underlying allegations. At this point, neither party sought a full hearing, nor had the agency resolved the issue of restitution. Therefore, as of the date Parkdale filed its action in district court, the issue of reimbursement for lost wages and benefits was still pending before the agency. Thus, despite the agency's own inaccurate characterization of its action as final and ripe for judicial review, Parkdale did not have a final agency action. *See Silva*, 786 P.2d at 247.[2]

Based on the above, the district court did not err in dismissing Parkdale's complaint because the Commission had not yet issued a final order from which Parkdale could seek judicial review, nor did it err in dismissing claimants' counterclaim for enforcement of the April 3, 1990 determination.

## NONADMINISTRATIVE REMEDIES

We next consider whether the court erred in dismissing the claimants' counterclaims for breach of implied contract and wrongful termination.

In *Hatton–Ward v. Salt Lake City Corp.*, 828 P.2d 1071, 1073–74 (Utah App. 1992), we held that a party need not exhaust administrative remedies where it would serve no useful purpose, *id*, at 1073; *accord State Tax Comm'n v. Iverson*, 782 P.2d 519, 524 (Utah 1989); *Johnson v. Utah State Retirement Office*, 621 P.2d 1234, 1237 (Utah 1980); *see also Pounds v. Denison*, 115 Idaho 381, 766 P.2d 1262, 1265–66 (Ct.App.1988) (exhaustion not required where "the remedy sought is one that the administrative body is not empowered to provide"); *Collopy v. Wildlife Comm'n*, 625 P.2d 994, 1006 (Colo.1981) (same).

---

**2.** Because we have determined there has not been a final agency action, we need not address appellees' time limitation arguments.

Moreover, Utah Rule of Civil Procedure 13(h) states, "Judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54(b), even if the claims of the opposing party have been dismissed or otherwise disposed of."

Because the claims of wrongful termination and breach of contract sound in tort and in contract, and because the agency has no jurisdiction to hear such claims, we reverse the court's dismissal of those counterclaims.

## CONCLUSION

We affirm the court's dismissal without prejudice of Parkdale's claim for review of the administrative determination on the ground that the claim for review did not emanate from a final agency action. We remand the administrative claim to the agency for resolution pursuant to section 34–28–19. On the same basis, we affirm the court's dismissal of claimants' (Bera, Frandsen, and Palacios) claim for enforcement of the same. Further, we reverse the court's dismissal of claimants' nonadministrative claims and remand them to the district court for adjudication on the merits.

JACKSON and ORME, JJ., concur.

