**Brian M. BARNARD, Petitioner,**

v.

**The Honorable Michael MURPHY, Judge, Third District Court in and for Salt Lake County, Respondent.**

No. 930136–CA.

Court of Appeals of Utah.

April 29, 1993.

Brian M. Barnard and John Pace, Utah Legal Clinic, Salt Lake City, for petitioner.

Colin R. Winchester, Gen. Counsel, Administrative Office of the Courts, Salt Lake City, for respondent.

Before BENCH, BILLINGS and RUSSON, JJ. (Law and Motion).

PER CURIAM:

This matter is before the court on a petition for extraordinary writ in the nature of mandamus to compel compliance with Rule 63(b), Utah Rules of Civil Procedure.

Pursuant to Rule 63(b), petitioner filed affidavits alleging prejudice and bias by Judge Michael Murphy in seven cases pending in the Third District Court in and for Salt Lake County. Those cases are:

1. *Montgomery v. Montgomery*, Case No. 90–490–3394 DA affidavit filed—December 7, 1992 notice to submit filed—January 19, 1993

2. *State v. Blood & Phillips*, Case No. 92–090–0397 DA affidavit filed—December 7, 1992 notice to submit filed—January 19, 1993

3. *Morris v. Morris*, Case No. 89–490–3019 DA affidavit filed—January 5, 1993 notice to submit filed—January 19, 1993

4. *Shelley (Brand) v. Shelley*, Case No. 90–490–1380 DA affidavit filed—January 5, 1993 notice to submit filed—January 19, 1993

5. *Jensen v. Frasier (Jensen)*, Case No. 91–490–3233 DA affidavit filed—March 24, 1993 notice to submit filed—March 24, 1993

6. *In Re: Adoption of J.J.R.*, Case No. 93–290–0103 AD affidavit filed—March 24, 1993 notice to submit filed—March 24, 1993

7. *In Re: Name Change of Richard Anthony Carroll*, Case No. 93–390–0296 NC affidavit filed—March 24, 1993 notice to submit filed—March 24, 1993

■ The sole issue before this court is whether Judge Murphy complied with the procedures mandated by Rule 63(b), Utah Rules of Civil Procedure in his treatment of the affidavits.[1] Rule 63(b) provides:

Whenever a party to any action or proceeding, civil or criminal, or his attorney shall make and file an affidavit that the judge before whom such action or proceeding is to be tried or heard has a bias or prejudice, either against such party or his attorney or in favor of any opposite party to the suit, such judge shall proceed no further therein, except to call in another judge to hear and determine the matter.

Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed as soon as practicable after the case has been assigned or such bias or prejudice is known. If the judge against whom the affidavit is directed questions the sufficiency of the affidavit, he shall enter an order directing that a copy thereof be forthwith certified to another judge (naming him) of the same court or of a court of like jurisdiction, which judge shall then pass upon the legal sufficiency of the affidavit. If the judge against whom the affidavit is directed does not question the legal sufficiency of the affidavit, or if the judge to whom the affidavit is certified finds that it is legally sufficient, another judge must be called in to try the case or determine the matter in question. No party shall be entitled in any case to file more than one affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are in good faith.

In *Montgomery v. Montgomery*, Judge Murphy entered an order on February 9, 1993, which incorrectly characterized a

---

1. In *State v. Blood & Phillips*, Case No. 92–090–0397 DA, petitioner filed a motion for recusal, which was denied by the trial court, prior to filing a Rule 63(b) affidavit. No issues pertaining to the motion for recusal are before this court.

Rule 63(b) affidavit as a motion to disqualify, incorporated by reference his decisions on motions to disqualify in two other cases, including *State v. Blood & Phillips,* and ultimately denied the motion. The order also certified the matter to Judge Noel "in accordance with Rule 63(b) ... to pass upon the legal sufficiency of the affidavit." Judge Noel subsequently directed petitioner to file a memorandum of law "addressing whether or not counsel's lawsuit against the assigned Judge necessitates per se recusal," apparently as a result of a reference in Judge Murphy's February 9, 1993 order to his decision on a motion for recusal in *State v. Blood & Phillips.* Petitioner contends that Judge Murphy failed to comply with Rule 63(b) by characterizing and ruling on the affidavit as if it were a motion, and by making reference to his decisions in other cases, which risked improperly influencing the review by Judge Noel after certification. We agree.

Rule 63(b) clearly states the options available to a trial judge in response to the filing of an affidavit alleging bias or prejudice. "If the judge against whom the affidavit is directed questions the sufficiency of the affidavit, he shall enter an order directing that a copy thereof be forthwith certified to another judge (naming him) of the same court or of a court of like jurisdiction, which judge shall then pass upon the legal sufficiency of the affidavit." In the alternative, if the judge does not question the legal sufficiency of the affidavit, a substitute judge "must be called in to try the case or determine the matter in question." The rule further provides that upon receipt of the affidavit, the judge against whom it is directed "shall proceed no further therein, except to call in another judge to hear and determine the matter."

The clear import of Rule 63(b) is that a judge against whom the affidavit is directed must either recuse him- or herself, or if he or she questions the legal sufficiency of the affidavit, certify the matter to another named judge for a ruling on its legal sufficiency. The order of February 9, 1993,

went beyond the procedure outlined in Rule 63(b). Accordingly, we order Judge Murphy to vacate the order of February 9, 1993 and to enter an order certifying the affidavit, without comment, to a named judge.[2] The memorandum of law on the issue of per se recusal suggested by Judge Murphy and requested by Judge Noel is not germane to the issue of disqualification for bias or prejudice under Rule 63(b).

 Petitioner's further contention is that Judge Murphy has improperly delayed action on the affidavits filed in the other six identified cases. We agree that the procedure set out in Rule 63(b) contemplates expeditious action to minimize delay in adjudication and disposition of pending cases. Therefore, we further order Judge Murphy to immediately act upon the Rule 63(b) affidavits filed in the remaining six cases identified herein by making a determination whether or not he questions the legal sufficiency of the affidavits, and on that basis, either recusing himself or certifying the affidavits to a named judge.

---

**2.** Both parties conceded at oral argument that the judge to whom a Rule 63(b) affidavit is

certified may request supporting legal memoranda.