**Brian M. BARNARD, Petitioner,**

v.

**The Honorable Michael MURPHY, Judge, Third District Court in and for Salt Lake County, Respondent.**

No. 930308–CA.

Court of Appeals of Utah.

Sept. 16, 1994.

---

Brian M. Barnard and John Pace, Salt Lake City, for petitioner.

Colin R. Winchester, Salt Lake City, for respondent.

Before BILLINGS, JACKSON and ORME, JJ.

## OPINION

ORME, Associate Presiding Judge:

Brian M. Barnard petitions this court, seeking an extraordinary writ in the nature of mandamus. Barnard asks the court to order Judge Michael R. Murphy to comply with Rule 63(b) of the Utah Rules of Civil Procedure. We decline to grant the relief requested.

## FACTS

In seven cases assigned to Judge Murphy, Barnard filed affidavits under Rule 63(b) of the Utah Rules of Civil Procedure asserting that Judge Murphy harbored prejudice or bias against him. *See Barnard v. Murphy,* 852 P.2d 1023, 1024 (Utah App.1993) (*"Barnard I"*), *cert. denied,* 878 P.2d 1154 (Utah 1994). Barnard contended that prejudice or bias existed because Barnard had filed a suit against Judge Murphy challenging a contempt order and other sanctions Judge Murphy had imposed on Barnard in an earlier

case. Upon receipt of the Rule 63(b) affidavits, Judge Murphy certified one affidavit to another judge for review, but took no further action concerning the affidavits in the other six cases. *Id.* at 1025.

Barnard then petitioned this court and the court ordered Judge Murphy to comply immediately with Rule 63(b). *Id.* Judge Murphy then referred all but two of the affidavits to another judge for determination of whether disqualification should occur. Regarding the other two cases, Judge Murphy opined that the issue of prejudice under Rule 63(b) was moot; thus, no further action was required.

In the instant petition, Barnard asked this court to issue a writ of mandamus ordering Judge Murphy to comply with the steps outlined in Rule 63(b) in the other two cases. However, subsequent to the filing of the petition, Judge Murphy referred both affidavits to another judge for review—one just after the petition was filed and the other, in a case known as *Morris v. Morris,* shortly before oral argument was to be held before this court. Nevertheless, the case is not moot because Barnard asks for additional relief, namely an order prospectively directing Judge Murphy's recusal from all cases in which Barnard files a Rule 63(b) affidavit, an award of costs, and admonishment of Judge Murphy.

## JURISDICTION

We first consider the basis of our jurisdiction over the instant petition for an extraordinary writ.

Pursuant to statute, "[t]he Court of Appeals has jurisdiction to issue *all* extraordinary writs and to issue *all* writs and process necessary: (a) to carry into effect its judgments, orders, and decrees; or (b) in aid of its jurisdiction." Utah Code Ann. § 78–2a–3(1) (Supp.1994) (emphasis added). Under both subsection (a) and subsection (b), the court has jurisdiction to consider petitioner's request for an extraordinary writt.

■ By issuing the writ now sought by Barnard's petition, this court would only be "carry[ing] into effect its judgments, orders, and decrees." *Id.* § 78–2a–3(1)(a). In *Barnard I,* the court directed Judge Murphy to immediately comply with Rule 63(b) with respect to several of Barnard's cases, including *Morris v. Morris. See Barnard I,* 852 P.2d at 1025. After issuance of *Barnard I* and denial of certiorari by the Utah Supreme Court, Judge Murphy had allegedly not complied with the mandate of *Barnard I* with respect to *Morris v. Morris.* Therefore, we could properly issue a writ to enforce our prior order.

■ This court also has jurisdiction under subsection (b) because issuing such a writ would be "in aid of its jurisdiction." Utah Code Ann. § 78–2a–3(1)(b) (Supp.1994). More specifically, "[t]he authority to issue a writ in aid of appellate jurisdiction 'is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected.'" *Mike's Mfg. Co. v. Zimzoris,* 66 A.2d 414, 415 (D.C.1949) (quoting *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). Therefore, because this court has appellate jurisdiction over the subject matter of *Morris v. Morris,* a divorce case, we have authority to issue necessary writs in connection with that case even if no appeal is pending.[1] *Id. See* Utah Code Ann. § 78–2a–3(1)(b) (Supp.1994). *See also* Utah Code Ann. § 78–2a–3(2)(i) (Supp.1994) (granting the Court of Appeals appellate jurisdiction in domestic relations cases, including divorce).

Additionally, some comment is necessary on the semantic variation in the statutes conferring jurisdiction over extraordinary writs on the Utah Supreme Court and the Utah Court of Appeals. *Compare* Utah Code Ann. § 78–2–2(2) (Supp.1994) (granting Supreme Court "*original jurisdiction* to is-

---

1. It was on the basis of section 78–2a–3(1)(b) that we had jurisdiction over the petition at issue in *Barnard I.* We note that the Court of Appeals would lack writ jurisdiction on this basis if the underlying action in *Morris v. Morris* was a gen-

eral civil dispute pending in district court, over which the Supreme Court, rather than this court, has original appellate jurisdiction. *See* Utah Code Ann. §§ 78–2–2(3)(j), 78–2a–3(2) (Supp. 1994).

sue all extraordinary writs") (emphasis added) *with* Utah Code Ann. § 78–2a–3(1) (Supp.1994) (granting Court of Appeals *"jurisdiction* to issue all extraordinary writs") (emphasis added).

 Despite the variation in wording, this court's more generally phrased writ jurisdiction is apparently as broad as the "original" writ jurisdiction bestowed upon the Supreme Court. In crafting the jurisdictional language for the Court of Appeals, it is possible the Legislature chose more general terminology to ensure this court's ability to issue extraordinary writs in *any* case within the scope of our jurisdiction, whether the case fell within our original appellate jurisdiction or was transferred to us by the Supreme Court. In any event, the term "original" adds nothing to the Supreme Court's writ jurisdiction—and its absence takes nothing from ours—because jurisdiction over petitions for extraordinary writs necessarily invokes a court's jurisdiction to consider a petition *originally* filed with it as opposed to its *appellate* jurisdiction over cases which originated elsewhere.

Thus, because the instant case satisfies analysis under either prong of section 78–2a–3(1), we conclude that we have the jurisdictional authority to consider Barnard's petition. Accordingly, we turn to the merits of the petition.

## REQUIREMENTS OF RULE 63(b)

In the instant petition, Barnard argues that Judge Murphy did not comply with *Barnard I* and Rule 63(b) when he entered a minute entry in *Morris v. Morris* declaring the issue of prejudice to be moot. *See* Utah R.Civ.P. 63(b); *Barnard v. Murphy*, 852 P.2d 1023, 1025 (Utah App.1993), *cert. denied*, 878 P.2d 1154 (Utah 1994).

 According to Rule 63(b), once a party or counsel files an affidavit charging that the judge harbors prejudice or bias toward the party or counsel, the judge has two courses of action. Utah R.Civ.P. 63(b). First, if the point made in the affidavit is well-taken, the judge can simply recuse himself and transfer responsibility for the case to another judge. *Id.* Alternatively, if the judge "questions the

legal sufficiency" of the affidavit and accordingly believes recusal may be unnecessary, then he can refer the affidavit to another judge to determine whether there is sufficient rationale in the affidavit to prompt recusal. *Id.* No other option is available under the rule.

Nevertheless, Judge Murphy initially pursued a different course in dealing with *Morris v. Morris*. Instead of stepping aside or referring the matter to another judge after issuance of *Barnard I*, Judge Murphy simply issued a minute entry pronouncing the Rule 63(b) issue moot and concluding that no further action was necessary. Judge Murphy came to this conclusion because the parties in the *Morris* case had agreed to a stipulation which sought to resolve all pending issues.

However, the very terms of the minute entry demonstrate that the case was not closed and that further judicial action—albeit rather ministerial action—was contemplated. Judge Murphy advised the parties in the minute entry that "[c]ounsel should submit an order consistent with the stipulation and all necessary child support papers."

While hardly momentous judicial decision-making with great potential for mischief in the event of any actual bias, Judge Murphy obviously intended to receive a proposed order and related child support information. With this requested information, he would then proceed to make sure that the stipulation was consistent with the information and applicable law and that the proposed order was consistent with the stipulation. With those steps accomplished, he would then sign the order or direct the submission of a revised order.

Accordingly, we agree with Barnard that Judge Murphy should not have disposed of the Rule 63(b) issue by simply dismissing it as moot. Rule 63(b) explicitly requires that once an affidavit is filed questioning the neutrality of the judge, the judge must either certify the affidavit to another judge for review or transfer the case to another judge. Such action must be taken even if there is only minimal judicial action remaining to be done in the case, as Judge Murphy eventually recognized.

Despite Judge Murphy's ultimate referral of the affidavit in *Morris v. Morris,* our inquiry is not at an end on mootness grounds. Barnard also requests other relief beyond our requiring simple Rule 63(b) compliance in that one case. First, he asks that this court order Judge Murphy to disqualify himself immediately in any future case in which Barnard files a Rule 63(b) affidavit. Second, he requests that we admonish Judge Murphy and award Barnard his costs.

█ We decline to order the requested relief. A blanket, prospective direction of automatic recusal is beyond the scope of Rule 63(b). Public reprimand of a judge is a prerogative of the Supreme Court, on recommendation of the Judicial Conduct Commission, rather than of this court. *See* Utah Code Ann. §§ 78-7-28, -30 (1992). Finally, under Utah Rule of Appellate Procedure 34(b), the award of costs is discretionary if the losing party is an arm of the State, as Judge Murphy is. Moreover, it is far from clear that Barnard should properly be viewed as the successful party in this proceeding. True, it may be that the petition prompted the principal action Barnard desired. Nonetheless, he did not succeed in obtaining the other relief he sought.

## CONCLUSION

This court has jurisdiction over the instant petition for a writ of mandamus. Judge Murphy should have promptly referred the affidavit at issue or recused himself in accordance with Rule 63(b) even though the case required only minimal judicial action. Since Judge Murphy ultimately complied with Rule 63(b), there is no need to order him to do so now. We decline to grant Barnard the additional relief he requests. The parties shall bear their own costs.

BILLINGS and JACKSON, JJ., concur.