**Carl W. BARNEY, Petitioner,**

v.

**UTAH DEPARTMENT OF COMMERCE, Division of Occupational and Professional Licensing, Consumer Rights Division, Respondent.**

No. 930764–CA.

Court of Appeals of Utah.

Nov. 16, 1994.

Dale E. Stratford, Ogden, for petitioner.

Jan Graham and Robert E. Steed, Salt Lake City, for respondent.

Before BENCH, JACKSON and WILKINS, JJ.

OPINION

JACKSON, Judge:

Carl W. Barney appeals the Division of Occupational and Professional Licensing's (the Division's) revocation of his license to practice as a health facility administrator. He appeals on the grounds that various defects in his agency hearing denied him due process and that the Division's director, David E. Robinson, improperly influenced the agency's decision.

■ Barney first asserts that he was denied due process by various defects in his hearing, including the composition of the hearing panel, inadequate notice of the charges, denial of the opportunity to present certain witness testimony, and intimidation of witnesses. Barney argues that an objection made on the last day of a three-day hearing, during an *in camera* proceeding, raised and preserved these due process challenges. At that time, Barney's counsel made a general statement for the record, objecting to "Mr. Robinson's conduct to this point of the proceedings." Counsel did not timely object to the specific defects Barney now raises on appeal. Moreover, counsel failed to make a motion for relief, denying the administrative law judge any opportunity to remedy the defects. Therefore, we are unable to consider Barney's due process claims. *See Condas v. Condas,* 618 P.2d 491, 495 n. 8 (Utah 1980); *Brinkerhoff v. Schwendiman,* 790 P.2d 587, 589 (Utah App.1990).

■ Further, Barney generally argues that Director Robinson's active involvement in Barney's hearing was improper. However, Barney's brief on this issue contains no citation to relevant authority and no legal analysis or argument. Thus, the brief does not comply with our rule requiring the brief

to include an argument, containing "the contentions and reasons of the appellant with respect to the issues presented, with citations to the authorities, statutes, and parts of the record relied on." Utah R.App.P. 24(a)(9). "Thus, we decline to address this issue and assume the correctness of the judgment below." *Christensen v. Munns,* 812 P.2d 69, 72 (Utah App.1991).

■ Finally, Barney asserts that Robinson should not have been allowed to question witnesses,[1] showing a bias against Barney that influenced the board's findings.[2] Barney's assertion is groundless. The statutes creating the Division give the director broad statutory powers to "perform all duties, functions, and responsibilities assigned to the division ... with the collaboration and assistance of the boards established under this title." Utah Code Ann. § 58–1–104 (1994). The Division's duties include "adopting[ ] and enforcing rules," "investigating" licensees, "subpoenaing witnesses [and] taking evidence," and "revoking, suspending ... or otherwise acting upon any license." Utah Code Ann. § 58–1–106 (1994). Nothing in the statute requires Robinson to absent himself from licensing hearings once he has appointed a board to hear complaints.[3] Robinson was acting within his role as director of the Division when he participated in Barney's hearing by questioning witnesses, even though he later also reviewed and adopted the hearing board's Findings of Fact, Conclusions of Law, and Recommended Order.

We conclude that Barney has failed to preserve the due process issues for appeal and has failed to comply with our briefing rules. Further, Robinson was properly acting within his role as director when he participated in Barney's hearing. Accordingly, we affirm.

BENCH and WILKINS, JJ., concur.

---

1. Barney relies on a footnote in *Pickett v. Utah Department of Commerce,* 858 P.2d 187 (Utah App.1993), to challenge Robinson's involvement in the hearing. There, we noted our "reservations concerning the propriety of Robinson's role in the hearing," but did not reach the issue because "Pickett made no objections during the proceedings below and thus failed to preserve them on appeal." *Id.* at 190 n. 5. Since *Pickett*—but after Barney's hearing—the Division has modified its policies so that Robinson no longer actively participates in licensing hearings.

2. Robinson's questioning fills about 100 pages in an 800-page hearing transcript.

3. After Barney's hearing, the legislature clarified the relationship between the director and any board he might appoint to hear complaints. "[T]he director may designate in writing an individual or body of individuals to act as presiding officer to conduct *or to assist the director* in conducting any part or all of an adjudicative proceeding." Utah Code Ann. § 58–1–109(1) (1994) (emphasis added).