V–1 OIL COMPANY, aka V–1
Propane, Petitioner,

v.

DEPARTMENT OF ENVIRONMENTAL
QUALITY, DIVISION OF SOLID AND
HAZARDOUS WASTE, Diane R. Nielsen, in her capacity as executive director, Dennis R. Downs, in his capacity as director, Utah Solid and Hazardous Waste Control Board, Kent P. Gray, in his capacity as Executive Secretary (UST), and David O. McKnight, in his capacity as hearing officer, Respondents.

No. 950123–CA.

Court of Appeals of Utah.

April 6, 1995.

Peter Stirba, Benson L. Hathaway, Jr. (Argued), Stirba & Hathaway, Salt Lake City, for petitioner.

Melissa M. Hubbell (Argued), Asst. Atty. Gen., Jan Graham, State Atty. Gen., Dept. of Environmental Quality, Div. of Environmental Response and Remediation, Salt Lake City, for respondents.

Before WILKINS, GREENWOOD, and ORME, JJ.

## OPINION

PER CURIAM:

V–1 Oil Company ("Petitioner") petitions this court pursuant to Utah Rule of Appellate Procedure 19 to compel the recusal of a presiding officer in formal adjudicative proceedings before the Division of Environmental Response and Remediation (DERR) within the Department of Environmental Quality because the presiding officer also serves as staff attorney for DERR.

## FACTS

DERR issued a notice of violation and order to comply on August 11, 1994 based upon an alleged petroleum release from an underground storage tank located at the V–1 Oil Company facility. Petitioner made a written request for formal agency action, which the Utah Solid and Hazardous Waste Control Board considered at an October 13, 1994 hearing. The Executive Secretary of the Board recommended the appointment of David O. McKnight as presiding officer to conduct formal adjudicative proceedings on the notice of violation. The Order Appointing Presiding Officer recites, "The Executive Secretary ... informed the Board that McKnight is a staff attorney for [DERR], acted as presiding officer in adjudications in the past, and is experienced with the Underground Storage Tank Act (UST Act) and Utah Administrative Procedures Act (UAPA). The Board asked counsel for V–1 Oil if it objected to a DERR attorney acting as the presiding officer. V–1 had no objection."

In January 1995, petitioner filed a motion for recusal of McKnight. At a hearing on the motion, McKnight indicated that he was hired by DERR with the anticipation that he would act as a presiding officer and as a staff attorney. He stated that DERR "hired me with the understanding that I'd be a presiding officer, and then I would help the Agency on matters that would not risk me being in the loop of [underground storage tanks] and [leaking underground storage tanks]." In his work as staff attorney, he "would not involve myself in areas that would risk me being exposed to investigations and anything that would lead up to an issuance of an order in underground storage tank matters." In summary, McKnight stated, "Let me make clear for the record, I am a staff attorney for the Department of Environmental Quality, Division of Environmental Response and Remediation, so your point there is accurate. I am a staff attorney."

McKnight denied the motion to recuse, and the Board refused to require McKnight to recuse himself from serving as presiding officer. Petitioner then filed this petition for extraordinary writ seeking to compel the recusal of McKnight as presiding officer.

## SUBJECT MATTER JURISDICTION

■ Respondents move for dismissal of the petition for lack of subject matter jurisdiction. Respondents contend that the only remedy available to petitioner following denial of the motion to recuse is to file a petition for judicial review at the conclusion of the agency proceedings in accordance with Utah Code Ann. § 63–46b–16 (1993). Utah Code Ann. § 63–46b–1 (1993) contains exclusions from the coverage of the Utah Administrative Procedures Act (UAPA). Subsection (3)(a) of that section provides that "[t]his chapter does not affect any legal remedies

otherwise available to compel an agency to take action." *Id.* § 63–46b–1(3)(a). We conclude that this section of UAPA preserves the availability of extraordinary writ proceedings to compel agency action. *Cf. Nielsen v. P.O.S.T.*, 851 P.2d 1201, 1205 n. 5 (Utah App.1993) (finding extraordinary writ proceedings under rule 65B were available as avenue of possible redress to review P.O.S.T.'s decision not to initiate agency complaint).

■ We further conclude that this court has jurisdiction over the instant petition for extraordinary writ. Utah Code Ann. § 78–2a–3(1)(b) (Supp.1994) grants the court "jurisdiction to issue all extraordinary writs and to issue all writs and process necessary: (a) to carry into effect its judgments, orders, and decrees; or (b) in aid of its jurisdiction." *Id.* In *Barnard v. Murphy*, 882 P.2d 679 (Utah App.1994), this court held that the phrase "in aid of its jurisdiction" includes subject matter jurisdiction to issue necessary writs in cases that are within the court's appellate jurisdiction even if no appeal is pending. *Id.* at 681–82. On the same basis, we have jurisdiction over the petition in this case. Pursuant to section 78–2a–3(2)(a), this court has appellate jurisdiction over "the final orders and decrees resulting from formal adjudicative proceedings of state agencies ... except the Public Service Commission, State Tax Commission, Board of State Lands, Board of Oil, Gas, Mining and the State Engineer." Because this court has appellate jurisdiction over the subject matter of the underlying agency action, and because UAPA does not divest the court's jurisdiction over extraordinary writ petitions, we hold that this court has jurisdiction over the instant petition.

## WAIVER

■ Respondents claim that petitioner has waived any right to object to the appointment of McKnight as presiding officer because petitioner's counsel consented to the appointment in a hearing before the Board on October 13, 1994. Petitioner's counsel does not dispute that he gave his consent to the appointment, but states as follows in an affidavit filed in support of the motion for recusal:

> While I did not object to Mr. McKnight's appointment, my consent was not based upon consideration of the facts in this case nor my full understanding of his relationship with the Division and the implications it would have in this case. Had I known that Mr. McKnight was a staff attorney for the Department and the Division, and had I known that he would be called upon to rule and make factual findings concerning litigated issues between V–1 and the Division, I would not have consented as I did.

A review of the portions of the transcript of the prior hearing submitted by respondents, even if viewed in the light most favorable to the waiver claim, does not demonstrate that all relevant facts of McKnight's employment were disclosed to counsel for petitioner. In contrast, the transcript of the January hearing on the motion for recusal explained that McKnight was hired to function both as a part-time presiding officer and a staff attorney "on matters such as procurement issues, drafting and reviewing legal documents such as CERCLA cooperative agreements and consent orders, drafting UST administrative, adjudicative procedures, and working on standard forms for cost recovery."

The materials submitted to this court do not support a determination that petitioner waived the right to object to McKnight's appointment as presiding officer.[1] "A waiver is the intentional relinquishment of a known right. To constitute a waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it." *Soter's v. Deseret Fed. Sav. & Loan*, 857 P.2d 935, 942 (Utah 1993).

---

1. The conduct of respondents prior to this petition also did not suggest a perception of waiver. In declining to recuse, McKnight addressed the merits of the motion and did not premise his decision on petitioner's earlier consent to his appointment. In affirming his decision, the Board likewise addressed the merits and did not ground its decision on waiver. Indeed, after the October hearing, when made aware of petitioner's concerns, counsel for respondents did not advise petitioner's counsel that any objection had been waived at the October hearing, but rather invited petitioner to file its motion.

Based upon the totality of the circumstances, we hold that petitioner did not waive the right to object to the appointment. The discussion of the proposed appointment at the October hearing did not adequately inform petitioner's counsel of the extent of McKnight's relationship with DERR as staff counsel and, accordingly, does not support a finding of an "intentional relinquishment of a known right."

## GROUNDS FOR RECUSAL

■ Petitioner sought McKnight's recusal on two grounds. First, petitioner asserted that McKnight's participation as presiding officer in a prior case involving petitioner demonstrated actual bias or prejudice. Second, petitioner claimed that McKnight should be disqualified from serving as presiding officer because he is also a staff attorney employed by DERR. Petitioner has not demonstrated actual bias or prejudice, and we consider only the claim that McKnight should be disqualified based upon his employment as a staff attorney by DERR.

Utah Admin.R. 311–210–3 (1994) empowers the Executive Secretary of the Board to appoint a presiding officer to conduct adjudicative proceedings, who "shall be empowered with such authority as granted by the Executive Secretary and the UAPA, except making final substantive decisions, and as may be limited by Section R311–210 or the Executive Secretary." Utah Admin.R. 311–210–12(f) (1994) allows a presiding officer to question witnesses and make determinations on the admission of evidence. Utah Admin.R. 311–210–14 (1994) requires the presiding officer to submit recommended orders to the Execu-

tive Secretary, who may "adopt and sign the recommended orders or any portion of them as final orders, reject the recommended orders or any portion of them and make an independent determination based upon the record." [2]

■ Petitioner argues that prejudice must be presumed because McKnight is employed as an attorney by a party to the proceedings and cannot sit as an impartial presiding officer. Respondents dispute this argument, claiming that (1) McKnight does not act as an advocate in the proceeding in which he sits as presiding officer, and (2) he does not make the final decision in the proceeding. However, respondents fail to address considerations of basic fairness and impartiality raised in the petition. In the agency proceeding, a staff attorney for DERR, the same agency that initiated the adjudicative proceeding, sits as presiding officer and is empowered to rule on the admissibility of evidence, question witnesses, and prepare the recommended order of disposition. The Executive Secretary is required to provide specific record support for any departure from the recommended order. See Utah Admin.R. 311–210–14(b) (1994). Under the circumstances, the presiding officer's role is not merely ministerial, but is integral to the determination on the merits. Basic considerations of fairness and impartiality in agency proceedings require that the presiding officer should not also be employed as staff attorney for the very agency that initiated the proceedings against petitioner.

■ In prior cases, this court has noted its concerns about the impartiality, or appear-

**2.** Utah Admin.R. 311–210–14(a) through (c) (1994) provides:

(a) If the presiding officer in a proceeding is an appointed hearing officer, at the conclusion of the hearing, the presiding officer cannot make any final substantive decisions, but, shall take the matter under advisement and shall submit to the Executive Secretary recommended orders. The recommended orders shall follow the form in the UAPA for signed and issued orders in informal and formal proceedings. All recommended orders will be public record and copies shall be distributed to all parties.
(b) The Executive Secretary may adopt and sign the recommended orders or any portion

of them as final orders; reject the recommended orders or any portion of them and make an independent determination based on the record. If the Executive Secretary adopts or rejects a portion of the recommended orders, the Executive Secretary shall specifically state that they are rejected in their entirety. The Executive Secretary shall cite specifically to the record for the bases of any independent determinations in the final orders.
(c) The Executive Secretary may remand the matter to the presiding officer to take additional evidence. The presiding officer thereafter shall submit to the Executive Secretary new recommended orders.

ance of impartiality, in agency proceedings. *See Pickett v. Utah Dep't of Commerce*, 858 P.2d 187, 189 n. 3, 190 n. 5; *Barney v. Utah Dep't of Commerce*, 885 P.2d 809, 810 n. 1 (Utah App.1994). The present petition raises similar concerns. McKnight's own characterization of his dual role as presiding officer and DERR staff attorney, quoted above, creates the appearance of impropriety that erodes confidence in the basic fairness of the hearing process and must be avoided in quasi-judicial proceedings as diligently as in judicial proceedings.[3] By analogy, Canon 3 of the Code of Judicial Conduct states that, "A judge shall perform the duties of the office impartially and diligently." Code of Judicial Conduct, Canon 3 (1994). As a means to this end, "[a] judge shall enter a disqualification in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances" specifically enumerated in Canon 3(E)(1). *Id.; see also* Code of Judicial Conduct, Canon 2 ("A judge shall avoid impropriety and the appearance of impropriety in all things."). While not held to this full standard, administrative law judges are required to recuse themselves in proceedings involving agencies by which they are also employed as legal counsel.

McKnight should have recused himself from serving as presiding officer in the proceeding in which the Division of Environmental Response and Remediation, for whom he serves as an attorney, is the agency pursuing a notice of violation against petitioner. The petition for extraordinary writ is granted,

and the Utah Solid and Hazardous Waste Control is directed to vacate its appointment of David O. McKnight as presiding officer.

**3.** This situation is only symptomatic of a larger problem with a system for agency adjudications in which theoretically independent administrative law judges are employed by the agency whose cases they adjudicate. The problem is alleviated somewhat when administrative law judges have exclusively adjudicative functions and do not also undertake work as legal counsel for their employing agency. The majority report of the Task Force On A Central Panel Of Administrative Law Judges In Utah, dated August 1, 1988, included the following conclusion in support of its recommendation that Utah implement a central panel system for providing neutral administrative law judges to various agencies:

There is both the appearance of and opportunity for unfair and improper influence by agency heads over the administrative adjudications in State government. Although the Utah Admin-

istrative Procedures Act goes a long way toward fair and efficient administrative adjudication, the employee-employer relationships between agency heads and administrative law judges continues to foster improper contacts during the adjudication process, and continues to foster the belief among citizens that agencies are "judge, jury and executioner."

Task Force On A Central Panel Of Administrative Law Judges In Utah, Report 16 (1988) (prepared and presented to the Utah Legislature's Interim Study Committee on State and Local Affairs at that Committee's August 1988 session). Both the majority report and the minority report disapproved of the situation in which an administrative law judge is also used as a legal advisor in agency deliberations and rulemaking. *Id.* at 16, 18.