**MERIT ELECTRICAL & INSTRUMENTATION, a corporation; and Jonathan Carl Juretich; Christopher M. Schiffman; Dan A. Johnson; and Kit Vaness, Petitioners,**

v.

**UTAH DEPARTMENT OF COMMERCE, DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING, Respondent.**

No. 940435–CA.

Court of Appeals of Utah.

Aug. 24, 1995.

James B. Lee, Barbara K. Polich and William J. Stilling, Salt Lake City, for petitioners.

Annina Mitchell, Robert K. Hunt, and Jan Graham, Salt Lake City, for respondent.

Before ORME, GREENWOOD and WILKINS, JJ.

## OPINION

GREENWOOD, Judge:

Merit Electrical, et al. (Merit), petitions for review of the order of the Division of Occupational and Professional Licensing (the Division) converting a citation proceeding from an informal to a formal proceeding. Because we conclude that this court lacks jurisdiction to consider Merit's petition, we do not reach the substantive issues.

## BACKGROUND

On December 9, 1993, the Division issued citations to Merit for hiring unlicensed electricians to perform electrical construction work at Kennecott Copper in violation of Utah Code Ann. § 58–55–2(32)(c) (1994). Citations were also issued to the unlicensed electricians. Both Merit and the electricians contested the citations. On February 11, 1994, the Division filed a motion to convert the citation proceedings from informal to formal adjudicative proceedings.[1] The motion

was subsequently approved by the Division's presiding hearing officer. Merit then appealed the order converting the proceedings to the director of the Department of Commerce. The director denied Merit's request for review, stating that the Department did not have jurisdiction to hear the request. Merit then petitioned this court for review.

## ISSUES FOR REVIEW

The parties essentially raise four issues for review: (1) Does this court have jurisdiction to consider Merit's petition? (2) Did the Division violate its own rules in converting the proceedings? (3) Did the Division fail to satisfy the statutory requirements for conversion? (4) Does the statute allowing for conversion of proceedings violate the Equal Protection Clause of the Utah and United States Constitutions?[2]

## ANALYSIS

◼ The Division argues that this court does not have jurisdiction to consider Merit's petition because the Division's order converting the proceedings to formal adjudicative proceedings was not a final order. We agree.

◼ Whether this court has jurisdiction to hear a petition for review presents a question of law. *Blaine Hudson Printing v. Tax Comm'n*, 870 P.2d 291, 292 (Utah App.1994).

◼ Both the Supreme Court and the Court of Appeals have jurisdiction to review "all *final* agency action resulting from formal adjudicative proceedings." Utah Code Ann. § 63–46b–16 (1993) (emphasis added); *see also id.* § 78–2a–3(2)(a) (Supp.1994) (this court "has jurisdiction to hear appeals of final orders and decrees resulting from formal adjudicative proceedings of state agencies"). This court does not have jurisdiction to review orders that reserve "something for

---

1. Both formal and informal proceedings allow for hearings, the presentation of evidence, and written orders. However, unlike formal proceedings, informal proceedings do not allow for discovery or intervention. *See* Utah Code Ann. §§ 63–46b–5 to –10 (1993). Moreover, appeals from formal proceedings go directly to the Supreme Court or Court of Appeals while appeals

from informal hearings go to the district court for a trial de novo. *See id.* §§ 63–46b–15, –16.

2. As explained earlier in this opinion, because we conclude that this court lacks jurisdiction to consider the petition, we do not reach the remaining issues regarding the conversion order.

further decision by the agency." *Parkdale Care Center v. Frandsen*, 837 P.2d 989, 992 (Utah App.1992) *cert. denied* 853 P.2d 897 (Utah 1993); *see also Sloan v. Board of Review*, 781 P.2d 463, 464–65 (Utah App. 1989). Thus, in *Nielson v. Division of P.O.S.T.*, 851 P.2d 1201 (Utah App.1993), this court held that it lacked jurisdiction to review the actions of the Division of Police Officer Standards and Training regarding a wildlife officer, since the Division had conducted no formal proceedings from which the petitioner could seek review. *Id.* at 1204.

Similarly, in the present case, neither formal nor informal proceedings have occurred regarding the merits of the contested citations. The decision converting the proceedings is not "final agency action" because the formal adjudicative proceedings have yet to take place. Therefore, the conversion decision "reserves something to the agency for further decision." *Sloan*, 781 P.2d at 464.

█ Nevertheless, Merit argues that this court can consider the petition if it adopts the "Collateral Order Doctrine." That doctrine allows review of orders that " 'conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from final judgment.' " *Nixon v. Fitzgerald*, 457 U.S. 731, 742, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982) (citation omitted). The doctrine is intended to allow courts to review orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949).

Although judicial economy might be served in this case if we were to adopt the doctrine, we decline to do so. The Utah Legislature has made its intent clear with regard to this court's jurisdiction over appeals from administrative agency actions. The Utah Administrative Procedures Act provides in part that the Supreme Court and Court of Appeals have jurisdiction to "review all *final* agency action resulting from formal adjudicative proceedings." Utah Code Ann. § 63–46b–16 (1993) (emphasis added); *see also id.* § 78–2a–3(2)(a) (Supp.1994). Any deviation from the requirement for final agency action must also come from the Legislature.[3]

### CONCLUSION

Because the Division's order converting the citation proceedings from informal to formal is not "final agency action," we lack jurisdiction to hear Merit's petition. We further decline to adopt the Collateral Order Doctrine.

ORME, P.J., and WILKINS, J., concur.

---

**3.** We note that the Collateral Order Doctrine, as adopted by the various courts cited in Merit's Memorandum In Opposition To Summary Disposition, has been applied only to proceedings before trial courts and not, as the case here, to proceedings conducted before administrative agencies. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, —— U.S. ——, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927,

74 L.Ed.2d 765 (1983); *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *United States v. Deffenbaugh Indus.*, 957 F.2d 749 (10th Cir.1992); *In re Newport Savings and Loan Ass'n*, 928 F.2d 472 (1st Cir.1991); *Town of Chesapeake Beach v. Pessoa Constr. Co.*, 330 Md. 744, 625 A.2d 1014 (1993); *R.W. v. Hampe*, 426 Pa.Super. 305, 626 A.2d 1218 (1993).