Narena Gibbons HASE, Plaintiff
and Appellant,

v.

Donald Bruce HASE, Defendant
and Respondent.

No. 880170–CA.

Court of Appeals of Utah.

June 13, 1989.

Harold R. Stephens, Salt Lake City, for plaintiff and appellant.

Robert J. Poulsen, Murray, for defendant and respondent.

Before BILLINGS, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Appellant, Narena Gibbons Hase, appeals from the trial court's distribution of the parties' retirement benefits, and appellant's Employee Stock Option Plan (ESOP) and profit sharing plan funds. The dispositive issue in this case is whether this court has jurisdiction to hear this appeal. We conclude that the appeal was not timely filed and, therefore, dismiss the appeal.

Appellant and respondent filed for divorce in 1985, after ten years of marriage. On January 2, 1986, Judge David B. Dee entered a decree terminating the marriage. The decree stated that the court reserved ruling on issues dealing with division of the parties' property. After receiving proffers of evidence in July and August of 1986, the court awarded appellant her retirement benefits and social security and respondent his retirement benefits. The court also ordered that appellant's Mountain Bell profit sharing plan and ESOP funds would be divided either pursuant to agreement of the parties or, in the absence of an agreement, sold and the proceeds divided equally. Appellant filed a motion to set aside the judgment. Judge Dee retired and Judge Pat B. Brian was assigned the case. On August 21, 1987, Judge Brian ordered the Mountain Bell ESOP and profit sharing plan funds to be divided equally. The order also stated that the court was willing to review the issue regarding the parties' retirement benefits.

After several additional motions were filed, the court entered an order on November 19, 1987, confirming its prior order awarding appellant her retirement benefits and respondent his retirement benefits. The court also ordered that the ESOP and profit sharing plan funds be divided on or before November 2, 1987.

Appellant again objected to the November 19 order and a hearing was held on December 18, 1987. On December 31, 1987, the court entered an order stating that the court confirmed its order regarding the retirement plans, ESOP and profit sharing plan. Appellant filed an "Objection to Order" on January 15, 1988. The court entered consolidated findings of fact, conclusions of law, decree of divorce and order on February 5, 1988, restating the court's earlier findings regarding retirement benefits and the ESOP and profit sharing plan. Appellant filed a notice of appeal on March 4, 1988.

Respondent claims that appellant's appeal was not filed within thirty days, and, therefore, this court lacks jurisdiction to hear this appeal. We agree. An appeal can be taken only from entry of a final judgment which wholly disposes of a claim against a party. *Pate v. Marathon Steel Co.*, 692 P.2d 765, 767 (Utah 1984); R. Utah Ct.App. 3. In addition, R. Utah Ct. App. 4(a) states that the notice of appeal shall be filed with the clerk of the court within thirty days after the date of entry of

judgment or order appealed from. Further, R. Utah Ct.App. 4(b) specifies several post-judgment motions that suspend the finality of a judgment. Rule 4(b) provides:

> If a timely motion under the Utah Rules of Civil Procedure is filed by any party in an action in which the Court of Appeals would have the power of direct review (1) for judgment under Rule 50(b), (2) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted, (3) under Rule 59 to alter or amend the judgment, or (4) under Rule 59 for a new trial, the time for appeal ... shall run from the entry of the order denying a new trial or granting or denying any other such motion.

In this case, the trial court entered an order on December 31, 1987, confirming its prior order regarding retirement benefits, which had awarded each of the parties their own retirement benefits. The December 31 order also confirmed that the Mountain Bell ESOP and profit sharing plan proceeds were to be divided equally between the parties. In addition, the order disposed of the parties' remaining property. This order wholly disposed of all remaining claims between the parties and, therefore, constitutes a final order from which an appeal could be taken. Appellant, however, contends the subsequent "Consolidated Decree of Divorce and Orders," dated February 5, 1988, was a final order, for purposes of filing an appeal. We do not agree. The Consolidated Decree of Divorce and Orders merely reiterated what the court had previously ordered in several different orders, referred to those orders specifically by date in most instances, and joined them in one document, as appellant requested. We find that such an order cannot be used to extend the time for appeal because it does not resolve any issue extant, but merely refers to prior orders of the court. Thus, the Consolidated Decree of Divorce and Orders does not constitute an appealable final order.

■ A related issue is whether appellant's "Objection to Order" suspended the finality of the December 31 judgment under R. Utah Ct.App. 4(b). The objection, filed January 15, 1988, does not state the rule under which it is filed. Assuming that the objection was intended to be filed under Utah R.Civ.P. 52(b), in order to amend or make additional findings of fact, it was not filed within ten days after entry of judgment, as is required by Rule 52(b). Thus, appellant's "Objection to Order" does not qualify as a post-judgment order which will suspend the finality of the December 31, 1987 judgment under R. Utah Ct.App. 4(b). *See Burgers v. Maiben,* 652 P.2d 1320, 1321 (Utah 1982) (An untimely motion for a new trial does not affect the running of time for filing a notice of appeal). The notice of appeal, filed on March 4, 1988, was not filed within thirty days of entry of the December 31, 1987 judgment. Therefore, we dismiss appellant's appeal as untimely.

BILLINGS, J., concurs.

ORME, Judge (dissenting):

The procedural history of this case leaves much to be desired, due mostly to an ill-fated attempt to substitute an unrecorded conference in chambers for the evidentiary hearing which should have been held to resolve several disputed property issues. Prolonged effort then had to be given in subsequent proceedings to reconstructing what actually transpired during that conference. Matters were not helped by withdrawals of counsel and the retirement of the initial judge, whose successor was left to complete the case without the benefit of a full record of what had transpired before.

Like my colleagues, I am perplexed at the entry of the consolidated decree. I am not sure this decree served any real purpose, or was even proper. It is, however, the final order entered in this case, for the apparent purpose of wrapping up loose

ends and setting forth the trial court's *final* judgment. The decree is stamped as a judgment and it was docketed as a judgment. I would not look behind it for purposes of determining the timeliness of this appeal. I would take the judgment at face value, regard the appeal as timely, and reach the merits.