**Patrick M. SLOAN, Petitioner,**

**v.**

**BOARD OF REVIEW of the INDUSTRIAL COMMISSION OF UTAH, Workers' Compensation Fund of Utah, Rotor Rooter Service, S & S Rooter, and Employers' Reinsurance Fund, Respondents.**

No. 890427–CA.

Court of Appeals of Utah.

Oct. 2, 1989.

**464**

David H. Schwobe, Salt Lake City, for petitioner.

Erie V. Boorman, Salt Lake City, for Employers' Reinsurance Fund.

Mark Dean, Salt Lake City, for Workers" Compensation Fund.

Before DAVIDSON, JACKSON and ORME, JJ. (On Law and Motion).

## MEMORANDUM DECISION

PER CURIAM:

This matter is before the court on three motions for summary disposition: the court's sua sponte motion, the Employers' Reinsurance Fund's motion and the Workers' Compensation Fund's motion. The Employers' Reinsurance Fund and the Workers' Compensation Fund both move to dismiss the appeal on the ground that it was not timely filed. Petitioner concedes that the appeal should be dismissed, but urges the court to dismiss the appeal due to lack of a final order.

The Industrial Commission's order from which this appeal is taken adopts the Administrative Law Judge's (A.L.J.) findings of fact but remands for a determination of whether petitioner should receive his medical expenses relating to his 1985 injury. Thus, the dispositive issue is whether the Commission's order is a final appealable order.

Generally, "[a]n appeal can be taken only from entry of a final judgment which wholly disposes of a claim against a party." *Hase v. Hase,* 775 P.2d 943, 944 (Utah Ct.App.1989). Utah Code Ann. § 63–46b–14 (Supp.1988) provides that an aggrieved party may obtain judicial review of final agency action, except in actions where judicial review is expressly prohibited by statute. The statute further states that a party may seek judicial review only after exhausting all administrative remedies and shall file a petition for judicial review of final agency action. Utah Code Ann. § 63–46b–14(2) & (3).

■ In several jurisdictions courts have recognized that generally remand orders in administrative proceedings are not final appealable orders.[1] We agree that an order of the agency is not final so long as it reserves something to the agency for further decision. *See Maryland Comm'n on*

1. *Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399, 406 (5th Cir.1984) (Generally, a remand order to an administrative agency is not treated as a final order.); *Noranda Aluminum, Inc. v. Occupational Safety & Health Review Comm'n,* 650 F.2d 934, 935 (8th Cir. 1981) (An order reversing and remanding for proceedings including a hearing on the merits is not final.); *Howell v. Harden,* 231 Ga. 594, 203 S.E.2d 206, 207 (1974) (A trial court order remanding to the agency for further consideration and receipt of additional evidence is not a final judgment.); *Maryland Comm'n on Human Relations v. Baltimore Gas & Elec.,* 296 Md. 46, 459 A.2d 205, 212–13 (1983) (An order remanding to the agency to determine if the utility company's employment practices were justified was not a final order.); *Citizens Elec. Corp. v. Campbell,* 696 S.W.2d 844, 846 (Mo.Ct.App.1985) (An agency order which addresses the denial of a refund of franchise taxes for several of the claimed years but fails to address whether the claimant is entitled to a refund for other years is not a final order.); *Shepherd v. Oregon Liquor Control Comm'n,* 81 Or.App. 201, 724 P.2d 901, 903 (1986) (An order which affirmed the decision to remove an employee from management but remanded the issue of whether he was appropriately restored to a lower position is not final.); *Texas Gen. Indem. Co. v. Strait,* 673 S.W.2d 334, 336–37 (Tex.Ct.App.1984) (An interim order which states that the workers' compensation insurance carrier must continue making payments to the employee until some events occur in the future is not final.).

*Human Relations v. Baltimore Gas & Elec.*, 296 Md. 46, 459 A.2d 205, 212–13 (1983); *Texas Gen. Indem. Co. v. Strait,* 673 S.W.2d 334, 336–37 (Tex.Ct.App.1984).

The order in the present case remands to the A.L.J. for a determination of whether petitioner should receive his medical expenses relating to his 1985 injury. Because the order reserves something further for the agency to determine, we hold that the order of the Commission is not a final appealable order. Consequently, we dismiss the appeal due to lack of jurisdiction in accordance with R.Utah Ct.App. 10(a)(1). Because we dismiss the appeal due to lack of a final order, we need not address whether the appeal was timely filed.

All concur.