**Carl W. BARNEY, Petitioner,**

v.

**DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING, DEPARTMENT OF COMMERCE, State of Utah, Respondent.**

No. 910755–CA.

Court of Appeals of Utah.

March 26, 1992.

Certiorari Denied June 19, 1992.

---

Dale E. Stratford, Ogden, for petitioner.

R. Paul Van Dam and Melissa M. Hubbell, Salt Lake City, for respondent.

Before GREENWOOD, BENCH and ORME, JJ.

PER CURIAM:

This case is before the court on respondent Division of Occupational and Professional Licensing's motion for summary dismissal of the petition for judicial review. We dismiss the petition for lack of jurisdiction.

Petitioner is licensed by the Division of Occupational and Professional Licensing to administer a health facility pursuant to Utah Code Ann. § 58-15-1 to -11 (1990). The Division is empowered to suspend, revoke or place on probation the license of any licensee who "is or has been guilty of unprofessional conduct, as defined by statute or rule." Utah Code Ann. § 58-1-15 (Supp.1991). On May 2, 1991, the Division filed its initial petition alleging that the petitioner engaged in unprofessional conduct including physically abusing four patients and administering contaminated medicines, both in violation of Utah Code Ann. § 58-15-2(9)(a), and administering medication without a physician's order, in violation of Utah Code Ann. § 58-1-10(1)(a) (Supp.1991). On July 22, 1991, the Division filed an amended petition alleging basically the same conduct.

On May 14, 1991, petitioner was found by the Second Circuit Court to be not guilty of assault of one of the four patients. On May 7, 1991, charges of "Abuse of a Disabled Adult" were dismissed. In two separate motions, petitioner moved to dismiss the Division's petitions on grounds that the proceeding constituted double jeopardy under the federal and state constitutions, and on a claim that the Division did not have subject matter jurisdiction under the Utah Administrative Procedures Act. An administrative law judge denied the initial motion to dismiss on August 2, 1991, and denied the motion to dismiss the amended petition on October 30, 1991. On November 21, 1991, the petitioner filed a petition for agency review, requesting a review of the denial of the motion to dismiss. On December 18, 1991, the agency issued an order denying petitioner's request for agency review of the denial of the motion to dismiss, based upon Utah Code Ann. § 13-1-12(1)(a) (Supp.1991), which permits agency review of "final" orders issued at the close of an adjudicative proceeding. Petitioner filed the present petition for judicial review, requesting this court to review the denial of his motions to dismiss and request for agency review.

The Division contends that this court does not have jurisdiction to consider the petition for review because it is taken from an interlocutory order of an administrative agency. We agree and dismiss the petition.

The Utah Court of Appeals has appellate jurisdiction over "the final orders and decrees resulting from formal adjudicative proceedings of state agencies." Utah Code Ann. § 78-2a-3(2)(a) (Supp. 1991). This statute does not authorize the court to review the orders of every admin-

istrative agency, but allows judicial review of agency decisions "when the legislature expressly authorizes a right of review." *DeBry v. Salt Lake County Bd. of Appeals*, 764 P.2d 627, 628 (Utah App.1988). Proceedings in the Division are governed by the Utah Administrative Procedures Act. Utah Code Ann. § 13–1–8.5(1) (Supp. 1991). Utah Code Ann. § 63–46b–16(1) (1989) grants this court jurisdiction to review *final* agency actions resulting from formal adjudicative proceedings.

■ In *Sloan v. Board of Review*, 781 P.2d 463 (Utah App.1989) (per curiam), the court concluded that "an order of [an] agency is not final so long as it reserves something for the agency for further decision." *Id.* at 464. In *Sloan*, the court held that an order remanding a case to the administrative law judge for further proceedings was not a final order for purposes of judicial review. *Id.* Petitioner contends that the order he seeks to have this court review is final because he has petitioned to have the order reviewed by the agency following denial of his motion to dismiss. He relies upon *Heinecke v. Dep't of Commerce*, 810 P.2d 459 (Utah App.1991), for the proposition that because departmental review of the administrative law judge's order is optional under Utah Code Ann. § 13–1–12, the refusal of the agency to review the administrative law judge's ruling allows judicial review of the administrative law judge's order. The argument does not have merit. Petitioner confuses the requirement for exhaustion of administrative remedies with the requirement for finality. The order in *Heinecke* revoking petitioner's license was clearly final because it reflected the determination on all issues before the agency, and the issue before this court was whether all levels of agency review were complete at the time judicial review was sought. In contrast, as noted in *Sloan*, the requirement of finality contemplates that the agency proceedings have been brought to their conclusion by disposition of all issues before the agency. The denial of a motion to dismiss allows the proceeding to continue in the agency and is not a final order for purposes of judicial review.

■ Petitioner also urges this court to defer a ruling on the jurisdictional issue until consideration of the merits of the appeal. Under the circumstances of this case, deferral is inappropriate. It is a court's first duty to determine if it has jurisdiction. *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah App. 1989). If the court concludes that it does not have jurisdiction, "it retains only the authority to dismiss the action." *Id.*

We dismiss the petition for lack of jurisdiction. The dismissal is not a determination on the merits and is without prejudice to a petition brought at the culmination of the agency proceedings.