2013 UT App 33

# THE UTAH COURT OF APPEALS

JAMES PRUETT,

*Plaintiff and Appellee,*

*v.*

JERAD ANDERSON, KATHY ANDERSON, CARELYN MARBLE,
AND AMANDA MARBLE,

*Defendants and Appellants.*

Per Curiam Decision
No. 20121041-CA
Filed February 7, 2013

Fourth District, Spanish Fork Department
The Honorable Donald J. Eyre
No. 120300006

Jerad Anderson, Kathy Anderson, Carelyn Marble,
and Amanda Marble, Appellants Pro Se
James Pruett, Appellee Pro Se

Before JUDGES ORME, THORNE, and CHRISTIANSEN.

PER CURIAM:

¶1 Jerad Anderson, Kathy Anderson, Carelyn Marble, and Amanda Marble (Defendants) appeal the denial of a motion to extend the time for appeal under rule 4(e) of the Utah Rules of Appellate Procedure. We dismissed Defendants' previous appeal for lack of jurisdiction in an order of summary dismissal. *See Pruett v. Anderson*, No. 20120841-CA (Utah Ct. App. filed Nov. 6, 2012). Our dismissal was without prejudice to any appeal filed after the entry of a final order resolving the rule 4(e) motion that was then pending in the district court. Following remand, the district court

denied the rule 4(e) motion to extend the time for appeal, and this appeal followed. Accordingly, the only issue before us in this appeal is whether the district court abused its broad discretion in denying the motion to extend the time for appeal. *See Reisbeck v. HCA Health Servs. of Utah, Inc.*, 2000 UT 48, ¶¶ 6, 15, 2 P.3d 447 (stating that the discretion of the trial court to grant or deny a rule 4(e) motion is very broad and fundamentally equitable in nature). We conclude that the court did not abuse its discretion in denying the rule 4(e) motion, and we affirm the denial of the rule 4(e) motion. Accordingly, insofar as Defendants seek to appeal from the judgment in the underlying case, we lack jurisdiction to consider the merits of the appeal.

¶2     The district court entered its judgment on June 28, 2012, awarding Defendants damages on their counterclaim and entering judgment for Defendants on Plaintiff James Pruett's unlawful detainer complaint. The judgment, which was prepared by Defendants as the prevailing parties, did not contain any other rulings. Pruett filed a timely motion for a new trial on the date that the judgment was entered, but he later withdrew the motion. The time for appeal was tolled under rule 4(b) of the Utah Rules of Appellate Procedure until the district court's entry of a July 26, 2012 order granting Pruett's motion to withdraw his motion for new trial. *See* Utah R. App. P. 4(b)(1)(D) (stating that the time for appeal commences to run for all parties from the date of entry of an order disposing of a timely motion for new trial). Accordingly, the time for appeal expired on Monday, August 27, 2012. "The trial court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by" rule 4(a). *See* Utah R. App. P. 4(e). Therefore, the motion to extend the time for appeal filed on September 25, 2012, was timely. The district court denied that motion based upon a determination that Defendants had not demonstrated good cause or excusable neglect, as required by rule 4(e).

¶3    Defendants argue only that the district court abused its discretion by not finding good cause for an extension of the time for appeal. Therefore, we do not consider the excusable neglect prong of rule 4(e). Rule 4(e) "permits a trial court to extend the time for filing a notice of appeal based on . . . good cause, which pertains to special circumstances that are *essentially beyond a party's control*." *Reisbeck*, 2000 UT 48, ¶ 13.  Although it may "be difficult to label a particular justification as being either purely related to good cause or purely related to excusable neglect," *id.* ¶ 14, "[t]o the extent a particular justification implicates factors beyond the party's control, a more liberal good cause standard should be applied." *Id.* ¶ 15.

¶4    Defendants argue that the delay in filing their notice of appeal was attributable to actions of the district court and the small claims court and was therefore due to factors beyond their control. They claim that the district court denied them a return of their rental deposit in the underlying case and told them to pursue that claim in the small claims court. They assert the small claims court later denied them the requested relief on the basis that the claim should have been pursued in the district court case. Defendants believe that the district court misled them and caused them to miss the appeal deadline for reasons that were beyond their control.

¶5    In ruling on the rule 4(e) motion to extend the appeal time, the district court considered Defendants' assertion that it misled them at trial about how to pursue a claim for return of the rental deposit. The district court stated its "recollection of that issue [was] that the court ruled that since the return of the deposit was not contained in their Counterclaim or Amended Counterclaim that they could not bring it up in the trial of this case, but would have to pursue it otherwise." This statement was neither incorrect nor misleading. Instead, it was an accurate statement that the court could not rule on a claim that had not been raised in the pleadings. In their rule 4(e) motion, Defendants also stated that they brought an action in the small claims court to recover the rental deposits and were unsuccessful. The district court ruled that Defendants

should have pursued an appeal of the decision of the small claims court rather than pursue a belated appeal of the district court's judgment denying such relief. Defendants assert for the first time in this appeal that they unsuccessfully pursued an appeal of the small claims court's decision. However, even if we consider that information, it would not support the assertion that the district court abused its discretion in denying an extension of the time for appeal in this case. Defendants had an opportunity to include a claim for return of their rental deposit in their counterclaim in the underlying case, but they had failed to raise the claim as of the time of the trial. The fact that they were unsuccessful in obtaining relief in the small claims court does not demonstrate that the district court misled them about the procedures available to them after they failed to properly raise the claim in the underlying case. Therefore, we cannot find that the district court abused its discretion in ruling that Defendants failed to demonstrate good cause to support an extension of the time for appeal.

¶6    We see no merit in Defendants' claim that they were denied due process or their right to an appeal because the same judge who was assigned to the underlying case ruled on the rule 4(e) motion. The procedure was consistent with rule 4(e), which states that "the trial court" will consider a motion to extend the time for appeal. *See* Utah R. App. P. 4(e).

¶7    We affirm the denial of the rule 4(e) motion to extend the time for appeal. Failure to file a timely notice of appeal deprives this court of jurisdiction over the appeal. *See Reisbeck v. HCA Health Servs. of Utah, Inc.*, 2000 UT 48, ¶ 5, 2 P.3d 447. Accordingly, insofar as Defendants seek to challenge the judgment in the underlying case, we dismiss that appeal for lack of jurisdiction.

_____