2013 UT App 139

# THE UTAH COURT OF APPEALS

EMPLOYERS' REINSURANCE FUND,
Petitioner,
*v.*
UTAH LABOR COMMISSION; FRANK KOCH; MINE SAFETY
APPLIANCE CO.; AND PACIFIC EMPLOYERS INSURANCE COMPANY,
Respondents.

Per Curiam Decision
No. 20130174-CA
Filed May 31, 2013

Original Proceeding in this Court

Edwin C. Barnes and Robert D. Andreasen,
Attorneys for Petitioner
Aaron J. Prisbey, Attorney for Respondent
Frank Koch

Before JUDGES DAVIS, THORNE, and VOROS.

PER CURIAM:

¶1      Employers' Reinsurance Fund (ERF) seeks judicial review of a decision of the Utah Labor Commission denying a motion to dismiss and remanding the case to an Administrative Law Judge (ALJ) for further proceedings. This case is before the court on a sua sponte motion for summary dismissal for lack of jurisdiction.

¶2      In 2008, Frank Koch filed an application seeking permanent total disability benefits as a result of a December 20, 1991 industrial accident. ERF moved to dismiss, arguing that Koch's claim was barred by the six-year statute of limitations in the Utah Workers' Compensation Act. *See* Utah Code Ann. § 34A-2-417(2)(a)(i) (LexisNexis 2011). The ALJ denied the motion to dismiss and

entered a tentative finding of permanent total disability. ERF filed a motion for review, contending that Koch's claim was time-barred. The Commission concluded that Koch satisfied the six-year filing requirement; it affirmed the ALJ's tentative determination that Koch was permanently and totally disabled; and it remanded the case to the ALJ "to complete the adjudicative process" on the permanent total disability claim. ERF filed a petition for review seeking judicial review of the denial of its motion to dismiss.[1]

¶3      An aggrieved party may seek judicial review of the "final agency action resulting from formal adjudicative proceedings." Utah Code Ann. § 63G-4-401(1) (LexisNexis 2011). "The Utah Administrative Procedures Act does not specifically define 'final agency action.'" *Barker v. Utah Pub. Servs. Comm'n*, 970 P.2d 702, 705 (Utah 1998). However, "Utah cases on finality found no final order in the following circumstances: . . . a remand for further proceedings, *Sloan v. Board of Review*, 781 P.2d 463, 464 (Utah Ct. App. 1989), [and] a denial of a motion to dismiss, *Barney v. Division of Occupational & Prof'l Licensing*, 828 P.2d 542, 544 (Utah Ct. App. 1992)." *Id.* at 706. In *Barney v. Division of Occupational & Professional Licensing*, 828 P.2d 542 (Utah Ct. App. 1992) (per curiam), the petitioner sought judicial review of the denial of motions to dismiss. *See id.* at 543. The agency argued that the court lacked jurisdiction to consider a petition for review taken from an interlocutory order of an administrative agency. We concluded that "[t]he denial of a motion to dismiss allows the proceeding to continue in the agency and is not a final order for purposes of judicial review." *Id.* at 544. Similarly, in *Sloan v. Board of Review*, 781 P.2d 463 (Utah Ct. App. 1989) (per curiam), we concluded that "an

---

1. In response to the sua sponte motion, ERF states that after remand to the ALJ, it chose not to file a reemployment plan, and the ALJ proceeded to determine the permanent total disability case. ERF states that it has filed a motion for review of the ALJ final order by the Commission.

order of [an] agency is not final so long as it reserves something for the agency for further decision." *Id*. at 464.

¶4    In this case, an ALJ denied ERF's motion to dismiss the benefits claim as time-barred. The Commission affirmed the ALJ's denial and remanded the case to the ALJ for further adjudicative proceedings. Those adjudicative proceedings will not be complete until the ALJ resolves issues related to reemployment and finalizes the permanent total disability award. ERF states in its response to the sua sponte motion that, following the remand, it waived the opportunity to file a reemployment plan. ERF contends that, because the Commission had reviewed the ALJ's interim order denying a motion to dismiss, the Commission's decision is final for purposes of judicial review despite any ongoing proceedings before the ALJ. We rejected a similar argument in *Target Trucking v. Labor Commission*, 2005 UT App 70, 108 P.3d 128 (per curiam). In that case, the Commission overturned an ALJ's final award of permanent total disability, but it affirmed the tentative determination of permanent total disability and "remanded in order for the ALJ to determine further issues, such as the rehabilitation or reemployment plan." *Id*. ¶ 2. We dismissed the petition for review, holding that a tentative determination of permanent total disability is not final for purposes of judicial review until the statutory requirements for consideration of reemployment or rehabilitation are met. *See id.* at ¶ 6. Because the denial of a motion to dismiss is not a final agency action, we lack jurisdiction over ERF's petition for review.

¶5    While acknowledging that its petition for review was filed prior to a final agency action on Koch's disability claim, ERF urges us to consider the petition for review as an interlocutory appeal. In *Merit Electrical & Instrumentation v. Utah Department of Commerce*, 902 P.2d 151 (Utah Ct. App. 1995), we declined a request to adopt the collateral order doctrine to consider a petition for review of a nonfinal agency order. *Id*. at 153. We noted,

> The Utah Legislature has made its intent clear with regard to this court's jurisdiction over appeals from administrative agency actions. The Utah Administrative Procedures Act provides in part that the Supreme Court and Court of Appeals have jurisdiction to "review all *final* agency action resulting from formal adjudicative proceedings." Utah Code Ann. § 63-46b-16 (1993) (emphasis added); *see also id.* § 78-2a-3(2)(a) (Supp. 1994). Any deviation from the requirement for final agency action must also come from the Legislature.

*Id.* In the absence of a provision granting us jurisdiction to consider review of an agency's interlocutory order, we cannot consider a petition for review from the denial of ERF's motion to dismiss.

¶6    It is a court's first duty to determine if it has jurisdiction. *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989). If the court concludes that it does not have jurisdiction, "it retains only the authority to dismiss the action." *Id.* We dismiss the petition for review for lack of jurisdiction. This dismissal is not a determination of the merits of the petition for review and is without prejudice to a timely petition brought at the culmination of the agency proceedings.

―――――――