**2024 UT App 45**

# THE UTAH COURT OF APPEALS

DEBRA MENDENHALL AND GARY MENDENHALL,
Appellants,
*v.*
SUMMERWOOD INVESTMENTS, LLC; SUMMERWOOD CONDO
PARTNERS, LLC; SUMMERWOOD CORPORATION, INC.; HANDS ON
CAPITAL, INC.; AND BME ENTERPRISES, LLC,
Appellees.

Opinion
No. 20210144-CA
Filed April 4, 2024

Fourth District Court, Provo Department
The Honorable Darold J. McDade
No. 090401280

Bruce M. Pritchett, Jonathan R. Rudd, and
Jeremy C. Sink, Attorneys for Appellants

Robert G. Crockett, Tanner J. Bean, Mark F. James,
and Mitchell A. Stephens, Attorneys for Appellees

JUDGE JOHN D. LUTHY authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and RYAN D. TENNEY concurred.

LUTHY, Judge:

¶1 Debra and Gary Mendenhall appeal from the district court's denial of their motion to intervene in this litigation, which arises out of an agreement between Summerwood Condo Partners, LLC (Condo Partners) and business entities previously owned by Trevor and Linda Woolf. The Mendenhalls also appeal from the district court's dismissal of the underlying action. We conclude that the Mendenhalls' appeal from the order denying their motion to intervene was untimely. We further conclude that the Mendenhalls lack standing to appeal from the dismissal of the underlying action. Accordingly, we dismiss the appeal.

BACKGROUND

¶2      The Mendenhalls and the Woolfs are cousins. In 2003, the Mendenhalls loaned money to the Woolfs to assist the Woolfs in financing a condominium complex. At the time, the Woolfs owned two holding companies, Summerwood Corporation, Inc. and Hands On Capital, Inc. (collectively, Hands On), which in turn owned Summerwood Investments, LLC (Summerwood). Summerwood owned the condominium complex.

¶3      In 2008, Condo Partners, an unrelated entity, entered an agreement to purchase Summerwood from Hands On (the Purchase Agreement). The sale closed that same year. At the time of the sale, the Woolfs still owed the Mendenhalls a substantial amount of money on their loan. The Purchase Agreement, however, included provisions under which Hands On might receive title to three condominium units. The Woolfs assert that the value of those units was roughly equal to the amount they owed the Mendenhalls and that they, as owners of Hands On, intended to use those units to pay their debt to the Mendenhalls. In the end, however, Condo Partners did not transfer title to any condominium units to Hands On.

¶4      The Woolfs then recorded a notice of interest against several condominium units, and Condo Partners and Summerwood (collectively, Condo Partners) responded by filing a Verified Petition to Nullify Wrongful Lien, thereby initiating this litigation. The Woolfs filed an answer. They also (as counterclaim petitioners), together with Hands On (as a third-party petitioner), asserted claims against Condo Partners for, among other things, an order requiring Condo Partners to convey to them three condominium units or the value of three condominium units. Additionally, the Woolfs at some point drafted and signed a document purporting to assign from Hands On to the Mendenhalls "a 100% undivided interest, other rights

and titles in Three (3) of the Condominium Units described in [the Purchase Agreement]" (the Assignment).

¶5    After this litigation commenced, the Woolfs filed for bankruptcy, and eventually the bankruptcy court approved the sale of Hands On to BME Enterprises, LLC (BME Enterprises). Apparently aware that Hands On, under its new ownership, intended to settle and dismiss this litigation, thereby ending any chance for the Woolfs to obtain the three condominium units and thereby pay their debt to the Mendenhalls, the Mendenhalls filed a motion to intervene, asking the court to substitute them in as the real parties in interest in place of the Woolfs and Hands On. In support of their motion, the Mendenhalls produced the Assignment, which (as already noted) purports to have transferred "a 100% undivided interest, other rights and titles in Three (3) of the Condominium Units described in [the Purchase Agreement]" from Hands On to the Mendenhalls.

¶6    Condo Partners opposed the motion, arguing that the Woolfs and Hands On's claims had not been assigned to the Mendenhalls but, instead, had been acquired by BME Enterprises when it purchased the Woolfs' interest in Hands On out of the bankruptcy estate. Then BME Enterprises filed its own motion to intervene, asking to be substituted in as the real party in interest in place of the Woolfs. The district court granted BME Enterprises' motion and substituted it in as the real party in interest in place of the Woolfs. The court also provisionally granted the Mendenhalls' motion to intervene so that they could litigate the issue of whether Hands On's interest in the Purchase Agreement and claims arising under the Purchase Agreement had been conveyed to them by the Assignment.

¶7    Following discovery, Condo Partners moved for summary judgment on the Mendenhalls' motion to intervene, arguing that the Assignment was not valid and that, even if it was, it conveyed to the Mendenhalls only proceeds of the Purchase Agreement—

i.e., whatever condominium units Hands On actually received—and, therefore, that the Mendenhalls lacked standing to intervene. The Mendenhalls opposed summary judgment, arguing that the Assignment was valid and clearly conveyed more than just proceeds of the Purchase Agreement. The district court denied Condo Partners' motion for summary judgment, and the case proceeded to a bench trial on the issues related to the Mendenhalls' intervention.

¶8    After the trial, the district court entered an order on January 15, 2021, vacating its prior provisional order of intervention and ultimately denying the Mendenhalls' motion to intervene. Then on January 21, 2021, based on a settlement agreement between the parties to the underlying action—Condo Partners, Hands On, and BME Enterprises (collectively, the Appellees)—the court issued a judgment dismissing the underlying action with prejudice.

¶9    On February 19, 2021, the Mendenhalls filed a notice of appeal from both the January 15 order denying their motion to intervene and the January 21 judgment dismissing the underlying action. Following initial briefing and oral argument on appeal, this court asked the Mendenhalls and the Appellees for supplemental briefing. With their supplemental brief, the Appellees filed a motion to dismiss the appeal, arguing that this court lacks jurisdiction.[1] The Mendenhalls submitted no response to the Appellees' motion to dismiss.

ISSUES AND STANDARD OF REVIEW

¶10    We first address the jurisdictional issues raised by the Appellees. *See Living Rivers v. Executive Dir. of the Utah Dep't of*

---

1. "A lack of jurisdiction can be raised by the court or either party at any time." *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 325 (Utah 1991) (cleaned up).

*Env't Quality*, 2017 UT 64, ¶ 26, 417 P.3d 57 ("Before we consider the arguments before us on appeal, we must evaluate [the jurisdictional issue]."); *Employers' Reinsurance Fund v. Utah Labor Comm'n*, 2013 UT App 139, ¶ 6, 304 P.3d 470 (per curiam) ("It is a court's first duty to determine if it has jurisdiction."). "Whether appellate jurisdiction exists is a question of law, which we review for correctness." *First Nat'l Bank of Layton v. Palmer*, 2018 UT 43, ¶ 5, 427 P.3d 1169 (cleaned up). Because we conclude that we do not have jurisdiction, we need not identify, and may not address, the other issues raised on appeal. *See Employers' Reinsurance Fund*, 2013 UT App 139, ¶ 6 ("If the court concludes that it does not have jurisdiction, it retains only the authority to dismiss the action." (cleaned up)).

## ANALYSIS

¶11   The Appellees contend that to the extent the Mendenhalls appeal from the January 15, 2021 order denying their motion to intervene, the Mendenhalls' notice of appeal is untimely and, thus, does not confer jurisdiction on this court. The Appellees further contend that to the extent the Mendenhalls appeal from the January 21, 2021 judgment dismissing the underlying action, the Mendenhalls, as non-parties, "have no standing." We address each of the Appellees' contentions in turn.

### I. The Mendenhalls' Appeal from the Denial of Their Motion to Intervene

¶12   The Utah Supreme Court has long held that "an order denying a motion to intervene is a final disposition of the claims asserted by the applicant for intervention and is appealable." *Millard County v. Utah State Tax Comm'n ex rel. Intermountain Power Agency*, 823 P.2d 459, 461 (Utah 1991); *see also Tracy v. University of Utah Hosp.*, 619 P.2d 340, 342 (Utah 1980) ("An order which denies an application for intervention, with prejudice, does make final disposition of the claims and assertions of the applicant,

and is therefore appealable."); *Commercial Block Realty Co. v. U.S. Fid. & Guar. Co.*, 28 P.2d 1081, 1082 (Utah 1934) ("[A] judgment denying the right to intervene is appealable."). A notice of appeal "must be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). And "[f]ailure to file a timely notice of appeal deprives this court of jurisdiction over the appeal." *Pruett v. Anderson*, 2013 UT App 33, ¶ 7, 296 P.3d 797 (per curiam), *cert. denied*, 308 P.3d 536 (Utah 2013). The case of *Carrier v. Salt Lake County Planning Commission*, 2003 UT App 30U (per curiam), illustrates the application of these principles in cases such as this.[2]

¶13　In *Carrier*, the district court denied a motion to intervene. *Id.* para. 2. Months later, it entered summary judgment on the underlying claims. *Id.* The applicant for intervention then filed a notice of appeal from the denial of its motion to intervene. *Id.* The applicant's notice of appeal was filed "within thirty days after entry of the summary judgment, but more than thirty days after denial of his motion to intervene." *Id.* Because the appeal from the denial of the motion to intervene was not filed within thirty days of the order denying intervention, this court summarily dismissed the appeal from the denial of the motion to intervene on the grounds that the appeal was untimely and, thus, that this court lacked jurisdiction. *Id.* paras. 3–4; *see also Tracy*, 619 P.2d at 342 (concluding that failure to perfect an appeal from an order denying intervention "goes to the jurisdiction" of the appellate court).

---

2. Although *Carrier* is a memorandum decision deemed not for official publication, this court's memorandum decisions have "precedential authority" and are "automatically part of the law of this state, unless and until contravened by [the Utah Supreme Court], the legislature, or the people through the processes authorized for the making of new law." *Grand County v. Rogers*, 2002 UT 25, ¶ 16, 44 P.3d 734.

¶14 The relevant facts here are identical to the relevant facts in *Carrier*. As the district court did with the applicants for intervention in *Carrier*, the district court here denied the Mendenhalls' motion to intervene. The district court entered its order dismissing the Mendenhalls' motion to intervene on January 15, 2021. Then, like the applicants for intervention in *Carrier*, the Mendenhalls did not file their notice of appeal until more than thirty days after entry of the order denying their motion to intervene—on February 19, 2021. Accordingly, as with the notice of appeal in *Carrier*, we must conclude that the Mendenhalls' notice of appeal was not timely filed as to the order denying intervention. *See* 2003 UT App 30U, paras. 3–4. And because the notice of appeal was not timely in relation to the order denying intervention, we lack jurisdiction to consider the Mendenhalls' appeal from that order and must dismiss it. *See id.*

## II. The Mendenhalls' Appeal from the Order Dismissing the Case

¶15 The Mendenhalls also appeal from the district court's order dismissing the underlying action. But because the district court ultimately denied the Mendenhalls' motion to intervene, the Mendenhalls were not parties to the underlying action when the action was dismissed. And "persons or entities that are not parties to a proceeding are not entitled to an appeal as of right." *Utah Down Syndrome Found., Inc. v. Utah Down Syndrome Ass'n*, 2012 UT 86, ¶ 9, 293 P.3d 241. Thus, when a non-party appeals, we are without jurisdiction and must dismiss the appeal. *See Weber County v. Ogden Trece*, 2013 UT 62, ¶ 28, 321 P.3d 1067 ("Since none of the so-called appellants are parties to the case, they are not entitled to an appeal as of right."); *Utah Down Syndrome Found., Inc.*, 2012 UT 86, ¶ 32 (dismissing the appeal because "as a nonparty, [the appellant] was not entitled to an appeal as of right"); *Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 46, 110 P.3d 678 (noting that "nonparties . . . cannot appeal the . . . order"), *overruled on other grounds by Madsen v. JPMorgan Chase Bank*, 2012 UT 51, 296 P.3d 671.

CONCLUSION

¶16   The Mendenhalls appeal from the order denying their motion to intervene and from the judgment dismissing the underlying action. Their appeal from the order denying their motion to intervene was untimely because it was not filed until more than thirty days after the district court's entry of that order. Moreover, as nonparties to the underlying action, the Mendenhalls lack standing to appeal from the judgment dismissing that action. For these reasons, this court lacks jurisdiction, and we dismiss the Mendenhalls' appeal.

———————